**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-2516-L** |
| | § | |
| NEW CENTURY MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Ocwen Loan Servicing, LLC's Motion for Default Judgment Against New Century Mortgage Corporation (Doc. 24), filed July 27, 2018. After careful consideration of the motion, record, and applicable law, the court **grants** Ocwen Loan Servicing, LLC's Motion for Default Judgment Against New Century Mortgage Corporation (Doc. 24).

**I.    Background**

Ocwen Loan Servicing, LLC ("Plaintiff" or "Ocwen") filed Plaintiff's Complaint ("Complaint") on September 18, 2017, against Silvestre Torres, Antonio Torres, and New Century Mortgage Corporation ("Defendant" or "New Century") alleging that Defendants Silvestre and Antonio Torres are in default of their obligations under the terms of a loan agreement and seeking authorization to foreclose upon the real property commonly known as 1109 Richard Drive,[*] Garland Texas 75040 (the "Property"). The Property is more particularly described in the

---

[*] Plaintiff's Complaint designates the roadway as a "street" in paragraph 2 of the Complaint, and as a "drive" in paragraph 7 of the Complaint. This inconsistency is of no moment, as the legal description of the Property is paramount.

**Memorandum Opinion and Order – Page 1**

Complaint as: "Being Lot 18 in Block 1 of Glynhill Estates, an Addition to the City of Garland, Dallas County, Texas, according to the Plat Thereof Recorded in Volume 41, Page 231, Map Records, Dallas County, Texas." Compl. ¶ 1.

The Complaint also alleges that New Century is a foreign Corporation duly formed and existing under the laws of the State of California and may claim some right, title or interest to the Property pursuant to a Deed of Trust that was recorded in the Real Property Records for Dallas County, Texas under Document No. 3288210 (the "New Century Deed of Trust").

The Complaint sets forth the following factual allegations:

8. On or about March 1, 2005, Shirley Snell Nevil f/k/a/ Shirley Snell, then title owner of the Property, deeded the Property to Felipe Esquivel and Azucena Esquivel (the "Esquivels"), pursuant to a General Warranty Deed with Vendor's Lien, recorded in the Real Property Records for Dallas County, Texas under Document No. 3296208.

9. As part of their purchase of the Property, the Esquivels executed a Deed of Trust in favor of New Century Mortgage Corporation covering the Property to secure payment of a promissory note in the original amount of $55,750.00 (the "Esquivel Deed of Trust"). The Esquivel Deed of Trust was recorded in the Real Property Records for Dallas County, Texas under Document No. 3288210.

10. On or about April 27, 2007, the Esquivels deeded the Property to Silvestre Torres and Antonio Torres pursuant to a Warranty Deed with Vendor's Lien, recorded in the Real Property Records for Dallas County, Texas under Document No. 20070158168.

11. On or about April 27, 2007, for value received, Defendants Silvestre Torres and Antonio Torres executed that certain Note (the "Note") in the original principal amount of $69,451.00 payable to Alethes, LLC and bearing interest at the rate of 7.000% per annum.

12. Concurrently with the Note and as part of their purchase of the Property, Defendants Silvestre Torres and Antonio Torres also executed that certain Texas Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting a security interest in the Property. The Security Instrument was recorded as Document No. 20070158169 in the Real Property Records for Dallas County, Texas.

**Memorandum Opinion and Order – Page 2**

13. [T]he Esquivels used proceeds from Defendants Silvestre Torres and Antonio Torres['s] mortgage loan to satisfy the debt secured by the Esquivel Deed of Trust. Despite being paid in full, New Century did not release the Esquivel Deed of Trust.

14. Ocwen is the current owner and holder of the Note and beneficiary of the Security Instrument.

15. Under the terms of the Loan Agreement, Defendants Silvestre Torres and Antonio Torres are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement further provides that should Defendants Silvestre Torres and Antonio Torres fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

17. Defendants Silvestre Torres and Antonio Torres have failed to make payments on the Note and have failed to comply with any and all of the covenants and conditions of the Security Instrument. Notice of default and intent to accelerate was provided to Defendants Silvestre Torres and Antonio Torres at their last known addresses. Defendants Silvestre Torres and Antonio Torres failed to cure the default. On January 31, 2017, Defendants Silvestre Torres and Antonio Torres were given notice that the maturity date of the Note had been accelerated[,] thus making all unpaid principal and accrued interest due and payable.

Pl.'s Compl. ¶¶ 8-17 at 3-5.

Ocwen seeks a declaration that the Esquivel Deed of Trust is released, void, and of no effect on the Property. Ocwen also seeks a declaration from this court that it holds the first and superior lien on the Property. Finally, Plaintiff seeks a declaration that New Century lacks standing to contest foreclosure of the Security Instrument and sale of the Property.

On July 30, 2018, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice as to Defendants Silvestre Torres and Antonio Torres (Doc. 26); the court granted its motion on July

31, 2018 (Doc. 27), and dismissed this action without prejudice as to Silvestre and Antonio Torres, and they are no longer parties to this action.

New Century was served with a copy of the summons and Complaint on January 31, 2018. New Century was required to answer or otherwise respond to the Complaint by February 21, 2018, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, New Century has not answered or otherwise responded to the Complaint.

On July 27, 2018, Plaintiff requested the clerk of court to enter a default against Defendant, and the clerk made an entry of default against Defendant the same day. Plaintiff now requests the court to enter a default judgment against New Century and award it the relief to which it is entitled as a result New Century's default.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against New Century. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

New Century, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the

"sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that New Century is in default. Ocwen is entitled to a default judgment and the relief it seeks. In its motion, Ocwen seeks no monetary relief; however, it does seek declaratory relief. Accordingly, the court **declares** that Ocwen is the current owner and holder of the Note; Ocwen holds the first and superior lien on the Property; and the New Century Deed of Trust is hereby released, void and of no effect on the Property.

### III. Conclusion

For the reasons herein stated, the court **grants** Ocwen Loan Servicing LLC's Motion for Default Judgment (Doc. 24), and Ocwen is entitled to the relief herein granted by the court. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in favor of Plaintiff.

**It is so ordered** this 31st day of January, 2019.

Sam A. Lindsay
United States District Judge